IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE JENKINS, | ) | |
| ID # 812507, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-1662-P (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his December 4, 1997 conviction and resulting seventeen year sentence for aggravated robbery. (*See* Pet. Writ Habeas Corpus (Pet.) at 1-2.) The respondent is Nathaniel Quarterman, Director of TDCJ-CID.

In 1997, petitioner was convicted of aggravated robbery and sentenced to seventeen years imprisonment. (*Id.* at 2.) He did not appeal his conviction but did unsuccessfully pursue a state application for writ of habeas corpus. (*Id.* ¶ 11.)

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

In the instant petition, petitioner asserts two grounds for relief – (1) his attorney rendered ineffective assistance of counsel by failing to object to the trial court finding him guilty on the elements of the indictment, and (2) his conviction was obtained by an unlawfully induced plea. (*Id.* at 7.) He premises his first claim on *Blakely v. Washington*, 542 U.S. 296 (2004).

Petitioner has challenged his conviction before in federal court by way of a § 2254 petition. *See Jenkins v. Johnson*, No. 3:02-CV-1910-L (N.D. Tex.) (Pet. received Sept. 4, 2002). In the prior action, petitioner raised the same or similar claims that are raised in the instant petition without reliance on the later-decided *Blakely* decision. On December 12, 2003, the Court denied the petition as untimely. *See id.* (Judgment and Order dated Dec. 12, 2003).

Because petitioner has filed a previous federal petition to challenge his aggravated robbery conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[2] A petition that is literally second or successive,

---

[2] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases

however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, petitioner's previous petition was not dismissed because of any prematurity or lack of exhaustion. The Court dismissed the prior petition as untimely. Such a dismissal is not the type of procedural ruling that would make a later-filed petition non-successive. *See Villanueva v. United States*, 346 F.3d 55, 62 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). A prior untimely petition "count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims." *Altman*, 337 F.3d at 766.

When a petitioner has pursued a prior federal petition for writ of habeas corpus that counts for purposes of determining whether a subsequent petition is successive, *Orozco-Ramirez* and *Crone* require the petitioner to present all available claims related to his conviction and sentence in that prior petition. *See* 211 F.3d at 867, 324 F.3d at 836-37.

---

decided under § 2255 and those under § 2254.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 1997 conviction in a prior federal petition. The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial petition. Although petitioner now relies on *Blakely* to again challenge his conviction, he could have raised such claim, "albeit not precisely on the recent case law," when he filed his first federal petition for writ of habeas corpus. *See United States v. Lopez*, Nos. 3:02-CR-0245-H(05), 3:05-CV-0308-H, 2005 WL 2219205, at *1 (N.D. Tex. Sept. 8, 2005) (findings, conclusions, and recommendation), accepted by 2005 WL 2386050 (N.D. Tex. Sept. 27, 2005).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to

cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Although it is appropriate for the Court to dismiss the successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears most appropriate. Because the Fifth Circuit has already indicated that *Blakely* claims do not satisfy the criteria for obtaining authorization for filing a successive motion to vacate, *see In re Elwood*, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam) (denying authorization for filing a successive motion to vacate based upon *United States v. Booker*, 543 U.S. 220 (2005) because *Booker* has not been made retroactively applicable on collateral review and noting that *Blakely* has also not been made retroactively applicable on collateral review), a dismissal without prejudice appears appropriate. Furthermore, by filing this petition to challenge his 1997 conviction based upon facts that were known long ago, petitioner has abused the judicial process.[3]

---

[3] This Court previously dismissed a prior petition as untimely. There is ample reason to believe the instant petition is likewise untimely. The Court may not, however, consider the timeliness of a successive petition without the requisite pre-approval of the Fifth Circuit Court of Appeals.

Because the petition sought to be filed in this action is successive, and because the Fifth Circuit has not granted petitioner authorization to file a successive petition, the Court should dismiss the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

**SIGNED this 20th day of November, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE